UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

KEVIN CURTIS BARBER,

                20-CV-0461-JLS-MJR
                REPORT AND
                RECOMMENDATION, AND
                ORDER

Petitioner,

-v-

SHERIFF TIMOTHY HOWARD,

Respondent.

Petitioner Kevin Curtis Barber, a state court pretrial detainee at the Erie County Correctional Facility ("ECCF") in Alden, New York, filed the instant petition for a writ of habeas corpus, *pro se*, on April 20, 2020. (Dkt. No. 1). Petitioner alleges that he was arrested on or about December 2, 2019, in Florida, based on a 2016 indictment pending against him in New York State Supreme Court in Erie County, New York, charging him with two counts of robbery in the second degree, in violation of N.Y. Penal Law § 160.10[2][b], and one count of robbery in the third degree, in violation of N.Y. Penal Law § 160.05, which allegedly occurred in August 2016. Petitioner claims that on February 25, 2020, he was extradited from Florida to New York without an extradition hearing and without the benefit of counsel, in violation of the Interstate Agreement on Detainers Act ("IAD") and his right to due process under the Fifth Amendment. Petitioner further alleges that he is 59 years of age and has certain medical conditions, including Hepatitis C and respiratory problems, that place him in "imminent risk of death or serious physical injury

if exposed to COVID-19."[1]  He claims that the Respondent, Sheriff Timothy Howard, is deliberately indifferent to his health conditions and that his continued confinement at ECCF therefore violates his right to due process under the Fifth Amendment.  While not expressly stated in his writ request, it appears that Petitioner is seeking immediate release from detention.

On April 21, 2020, Hon. John L. Sinatra, Jr., referred the case to this Court, pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B), for all pretrial matters and the hearing and reporting of dispositive motions for consideration by the District Court.  (Dkt. No. 2).

On April 22, 2020, this Court issued an Order requiring, *inter alia*, that the Respondent respond to the petition by answer or motion by April 28, 2020.  (Dkt. No. 3).

On April 28, 2020, Respondent filed a motion to dismiss the petition, arguing that it has no substantive merit and that the Petitioner has failed to exhaust his remedies.  (Dkt. No. 5).  The Court notes that Respondent assumed that Petitioner is seeking a writ under 28 U.S.C. § 2254, which is not the case.

On May 4, 2020, Petitioner filed an amended petition.  (Dkt. No. 7).  Although not clearly stated, Petitioner appears to be alleging an additional claim that he has been deprived of his right to a speedy trial under the Sixth Amendment.

On May 6, 2020, Petitioner filed a response to Respondent's motion to dismiss.  (Dkt. No. 8).  In his response, Petitioner stated expressly for the first time that he is seeking habeas relief under 28 U.S.C. § 2241 (not 28 U.S.C. § 2254).

---

[1] Petitioner has not submitted any medical evidence regarding his alleged medical condition. Nevertheless, for purposes of this Report and Recommendation, the Court will assume Petitioner's claims regarding his medical condition are true.

On May 26, 2020, Petitioner filed a "Notice of Motion." (Dkt. No. 9). In the Notice, Petitioner repeats that he is seeking relief under § 2241, and states expressly that he seeks release. He also asserts a new claim that he has been denied reasonable bail in violation of the Eighth Amendment, and repeats his claim that he has been denied a speedy trial.

On June 12, 2020, Petitioner filed a "Memorandum of Law," apparently asking for summary judgement. (Dkt. No. 10). Again, he expressly asked for release.

On June 15, 2020, the Court filed a Memorandum Order requesting additional information from the parties. (Dkt. 11).

On June 22, 2020, in response to the Court's Memorandum Order, the Respondent filed a sworn attorney affidavit. (Dkt. 13).

On June 25 and 29, 2020, in response to the Court's Memorandum Order, as well as in response to the Respondent's affidavit, Petitioner filed sworn affidavits. (Dkt. Nos. 14 and 15). In his affidavits, Petitioner asserts for the first time a double jeopardy claim, and for the first time alleges jurisdiction under 28 U.S.C. § 1331. (Dkt. No. 15).

For the reasons stated below, the Court recommends that the petition be dismissed, without prejudice, for failure to exhaust state court remedies and that no certificate of appealability issue. It is further recommended that Petitioner's motion for summary judge be denied.

## DISCUSSION[2]

Section 2241 of Title 28 of the United States Code . . . "is the appropriate way for a state pre-trial detainee to challenge his or her detention." *Steward v. Wolcott*, 20-CV-6282-FPG, 2020 WL 2846949, at *3 n.3 (W.D.N.Y. June 2, 2020) (*quoting Mays v. Dart*, 20-CV-2134, 2020 WL 1812381, * 5 (N.D. Ill. Apr 9, 2020)); *see also Thompson v. Choinski*, 525 F.3d 205, 209 (2d Cir. 2008).  However, before seeking relief under § 2241, a state pretrial detainee must first exhaust available state-court remedies.  See *U.S. ex rel. Scranton v. New York*, 532 F.2d 292, 294 (2d Cir. 1976) (holding that "[w]hile [§ 2241] does not by its own terms require exhaustion of state remedies as a prerequisite to the grant of federal habeas relief, decisional law has superimposed such a requirement in order to accommodate principles of federalism.").  "In the pretrial context, such exhaustion includes seeking habeas corpus relief in the state courts and, if necessary, appealing all the way up to the New York Court of Appeals." *Griffin v. Warden*, 20 Civ. 1707 (AJN)(SLC), 2020 WL 1158070 (S.D.N.Y. Mar. 10, 2020) (citation omitted). Petitioner bears the burden of showing exhaustion. *Colon v. Johnson*, 19 F. Supp.2d 112, 119-20 (S.D.N.Y. 1998) (citations omitted).  Courts may excuse petitioners from exhausting their claims when "relief is truly unavailable" or would be futile. *See Brady v. McCarthy,* 20-CV-580 (JLS), 2020 WL 3270378, at *6 (W.D.N.Y. June 17, 2020) (citations omitted).

---

[2] The Court recognizes the seriousness of the national COVID-19 pandemic, as well as the danger it presents to individuals with certain preexisting medical conditions.  Numerous courts have written on this issue, so the Court will not repeat that information here.

Here, the Petitioner has failed to allege or show that he exhausted, or has even attempted to exhaust, his remedies in state court. With regards to his unlawful extradition, speedy trial, and double jeopardy claims[3], it appears from the record that Petitioner has not presented any such claims to the trial court in his criminal case. (Dkt. No. 13 at ¶ 6). With regards to his excessive bail claim, he was remanded to custody by the state court without bail, but he has not asked for reconsideration of or appealed that decision. *Id.* Petitioner's criminal case is in the preliminary stages and no trial date has yet been set. *Id.* In order to exhaust his state remedies regarding these claims, Petitioner must bring them to the state trial court, and if the claims are denied, he must either appeal or seek state habeas relief all the way up to the New York Court of Appeals. Petitioner's failure to exhaust his claims in the state court requires dismissal. *See U.S. ex rel. Scranton*, 532 F.2d at 294. Section 2241 cannot be used to "permit the derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." *Braden v. 30th Judicial Circuit Court,* 410 U.S. 484, 493 (1973); *see also York v. Ward,* 538 F. Supp. 315, 316 (E.D.N.Y.1982) (federal habeas corpus is not to be converted "into a pretrial motion forum for state prisoners") (citation omitted).

Similarly, with regards to Petitioner's claim that the Respondent is deliberately indifferent to his health conditions and that his continued confinement at ECCF during the COVID-19 pandemic therefore violates his right to due process under the Fifth Amendment, Petitioner has not taken any steps to seek relief in the state court. Even if he brought the issue to the state court in the context of his bail hearing, he has not

---

[3] The Court notes that Petitioner's double jeopardy claim appears dubious on its face. He does not allege that he previously went to trial or plead guilty to the charges in the state court indictment. Instead, he alleges that because he was indicted in 2016, but not arrested until 2019, his right against double jeopardy is being violated.

followed through with either an appeal of the bail determination or filed a state court habeas petition seeking his release. Accordingly, Petitioner's request to be released due to the COVID-19 pandemic must be dismissed for failure to exhaust his state court remedies.

Other courts have held that even in the COVID-19 pandemic context, the exhaustion requirement applies to state pretrial detainees seeking release under § 2241 due to the pandemic. *Swain v. Junior*, 20-CV-21457-KMW, 2020 WL 2078580, at *20 (S.D. Fla. Apr. 29, 2020) (citations omitted), *vacated on other grounds,* 2020 WL 3767628, (11th Cir. June 15, 2020); *Evil v. Whitmer,* Case No. 1:20-CV-343, 2020 WL 1933685, at *3 (W.D. Mich. Apr. 22, 2020); *Cuevas v. Pennsylvania,* Civil No. 1:19-CV-1733, 2020 WL 1911511, at *3 (M.D. Pa. April 20, 2020); *Kemp v. Logan,* No. CIV-20-296-G, 2020 WL 2374242, at *2 (W.D. Okla. April 10, 2020); *Mays v. Dart,* 2020 WL 1812381, at *6; *but see Cameron v. Bouchard,* Civil Case No. 20-10949, 2020 WL 2569868, at *14-15 (E.D. Mich. May 21, 2020); *McPherson v. Lamont,* 20 CV 534 (JBA), 2020 WL 2198279, at *7 (D. Conn. May 6, 2020).

Petitioner has failed to show that his failure to exhaust his state court remedies should be excused because relief is unavailable in the state court or because such remedies would be futile. The state courts are currently available for, *inter alia*, bail hearings, felony hearings, and state petitions for habeas corpus relief. (Dkt. No. 13 at ¶ 7); *see also Brady,* 2020 WL 3270378, at *7. In fact, New York state courts have received, and resolved, claims and petitions seeking release from state custody in connection with the COVID-19 pandemic. *See, e.g., People ex rel. Squirrell v. Langley,* No. 500451/2020, 2020 WL 2736623 (Sup. Ct. Putnam Cty. May 25, 2020) (dismissing habeas corpus

petitions by inmates seeking release during the COVID-19 pandemic where the court, after thoroughly examining the measures taken by the sheriff and other officials, concluded there was no violation of petitioners' due process or Eighth Amendment rights); *People ex rel. Stoughton v. Brann*, No. 451078/2020, 2020 WL 1679209 (Sup. Ct. N.Y. Cty. Apr. 6, 2020) (ordering release of 18 "at-risk" prisoners in a due process challenge by 32 petitioners detained at Rikers Island); *People ex rel. Gregor v. Reynolds*, No. CV20-150, 2020 WL 1910116 (Sup. Ct. Essex Cty. Apr. 17, 2020) (concluding, where several inmates detained pending parole violation proceedings filed Article 70 petitions for release, that sheriff's failure to take adequate protective measures violated the due process rights of an inmate who was vulnerable to COVID-19). For the same reasons, Petitioner has not shown that pursuing his request for release in state court would be futile. *See Brady,* 2020 WL 3270378, at *7 (citations omitted).

This case provides a good example for why the exhaustion requirement serves useful purposes. Recourse to state remedies enables a factual record to be developed. It also may afford relief to the Petitioner, obviating the need for a federal-court action or federal intervention. *See Elleby v. Smith*, No. 20-cv-2935, 2020 WL 2611921, at *5 (S.D.N.Y. May 22, 2020).

Here, Petitioner brings an Eighth Amendment (applicable to pretrial detainees through the Fourteenth Amendment) claim, in which he must allege that ECCF was deliberately indifferent to his health needs. He does not, however, cite any specific instances of ECCF's actions toward him that would support this claim, relying instead on the general contention that COVID-19 is dangerous for high-risk inmates. The interests of federalism and comity support giving the New York state courts a first opportunity to

evaluate such a claim, and develop a full factual record, particularly given the rapidly changing conditions and the evolving steps that prisons and jails are taking to meet the unprecedented challenges presented by the pandemic, in general and as applied to the Petitioner.[4] *Id.*

In sum, for the reasons stated, the Court recommends that the instant petition be dismissed for failure to exhaust state court remedies. The dismissal should be without prejudice, as Petitioner is free to pursue his claims in state court, and, assuming exhaustion, to then file an action in this Court.[5]

## CONCLUSION

For the foregoing reasons, it is recommended that the Petition and Amended Petition (Dkt. Nos. 1 and 7) be dismissed in their entirety, without prejudice. It is further recommended that no certificate of appealability issue. It is further recommended that the Petitioner's motion for summary judgment (Dkt. No. 10) be denied.

Pursuant to 28 U.S.C. §636(b)(1), it is hereby ORDERED that this Report, Recommendation, and Order be filed with the Clerk of Court.

Unless otherwise ordered by Judge Sinatra, any objections to this Report, Recommendation, and Order must be filed with the Clerk of Court within fourteen days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a), and 6(d) of the Federal Rules of Civil Procedure, and Local Rule of Civil

---

[4] The Respondent has presented evidence that the ECCF has taken numerous preventive measures at the facility to try to stem the spread of the virus among the inmate population. (Dkt. 13, Exhibit).
[5] The Petitioner's last-minute attempt to assert jurisdiction pursuant to 28 U.S.C. § 1331, rather that § 2241, is unavailing. The only relief that Petitioner seeks here is his immediate release. Such a claim for relief falls "squarely within th[e] traditional scope of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973).

Procedure 72. Any requests for an extension of this deadline must be made to Judge Sinatra.

***Failure to file objections, or to request an extension of time to file objections, within fourteen days of service of this Report, Recommendation, and Order WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER.*** See *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989).

The District Court will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the Magistrate Judge in the first instance. *See Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985, 990-91 (1st Cir. 1988).

Pursuant to Local Rule of Civil Procedure 72(b), written objections "shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority." ***Failure to comply with these provisions may result in the District Court's refusal to consider the objection.***

**SO ORDERED.**

Dated:   July 7, 2020
         Buffalo, New York

                                                   _/s/ Michael J. Roemer_
                                                   MICHAEL J. ROEMER
                                                   United States Magistrate Judge