UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KEVIN CURTIS BARBER,

        Petitioner,

      v.                                      20-CV-461-JLS-MJR

SHERIFF TIMOTHY HOWARD,

        Respondent.
_____

## DECISION AND ORDER

On April 20, 2020, *pro se* petitioner Kevin Curtis Barber—a pretrial detainee in Respondent's custody—filed a petition for a writ of habeas corpus. Dkt. 1. On April 21, 2020, this Court referred this case to United States Magistrate Judge Michael J. Roemer for all proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B). Dkt. 2.

On April 28, 2020, Respondent, Sheriff Timothy Howard, moved to dismiss. Dkt. 5. On May 4, 2020, Barber filed an amended petition, in which he appears to also allege that his Sixth Amendment speedy trial rights have been violated. Dkt. 7. On May 6, 2020, Barber responded to Respondent's motion to dismiss. Dkt. 8. There, for the first time, Barber states that he is seeking habeas relief pursuant to 28 U.S.C. § 2241. *Id.* at 1. Barber repeats his request for release under Section 2241 in a "Notice of Motion" filed May 26, 2020, in which he also reiterates that he has been denied a speedy trial and newly asserts that he has been denied reasonable bail under the Eighth Amendment. Dkt. 9.

On June 12, 2020, Barber filed a memorandum of law, which is framed as a request for "Summary Judgment in [his] favor for release." Dkt. 10. On June 15, 2020, Judge Roemer requested additional information from the parties. Dkt. 11. Both Respondent (Dkt. 13) and Barber (Dkts. 14, 15, 16) filed submissions in response. Barber's response includes a new claim for double jeopardy and alleged jurisdiction under 28 U.S.C. § 1331. *See, e.g.*, Dkt. 15, at 1-2.

On July 7, 2020, Judge Roemer issued a Report and Recommendation ("R&R") recommending that this Court dismiss Barber's Petition and Amended Petition (Dkts. 1, 7), without prejudice, for failure to exhaust state court remedies and that no certificate of appealability issue. Dkt. 17. The R&R also recommended that this Court deny Barber's motion for summary judgment (Dkt. 10).

Barber filed objections on August 3, 2020. Dkt. 21. He also filed a letter to "give notice of [his] state [petition for a] writ [of] habeas corpus," sworn to August 5, 2020, "to exhaust [his] state remedy to get the required relief . . . ." Dkt. 22, at 1. Respondent's August 20, 2020 letter response to Barber's objections states that Respondent "will rely upon the reasoning and conclusions in the report and recommendation and respondent's earlier submissions." Dkt. 24. Barber replied on August 31, 2020, largely reasserting his claims. Dkt. 25.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a *de novo* review of those portions of a magistrate judge's

2

recommendation to which objection is made. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

This Court has carefully reviewed the thorough R&R, the record in this case, the objection and response, and the materials submitted by the parties. Based on that *de novo* review, the Court accepts and adopts Judge Roemer's recommendation to dismiss Barber's Petition and Amended Petition without prejudice and deny Barber's motion for summary judgment.[1]

---

[1] The Court reaches this conclusion while acknowledging the differences in exhaustion requirements between 18 U.S.C. § 2241 and 18 U.S.C. § 2254. *See Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 632-35 (2d Cir. 2001) (noting the "requirement of administrative exhaustion as spelled out in . . . decisional law" that applies to Section 2241 petitions, and declining to excuse petitioner's failure to exhaust); *Razzoli v. Strada*, No. 10-cv-4802, 2013 WL 837277, at *2 (E.D.N.Y. Mar. 6, 2013) (explaining that "[b]efore seeking habeas relief under § 2241, . . . prisoners must exhaust any available administrative remedies, or else justify the failure to exhaust these remedies," and holding that petitioner was "not excused from his duty to exhaust administrative remedies"). This is a Section 2241 case. In addition, the Court concludes Barber's commencement of a state habeas case (Dkt. 22) does not satisfy exhaustion. *See Mercado v. Town of Goshen*, 20-CV-5399 (LLS), 2020 WL 5210949 (S.D.N.Y. Aug. 28, 2020) (dismissing submission, liberally construed as a Section 2241 habeas corpus petition, for failure to exhaust; concluding that "[e]xhaustion of remedies requires more than merely filing a state-court *habeas* petition").

## CONCLUSION

For the reasons stated above and in the Report and Recommendation, Respondent's motion to dismiss (Dkt. 5) is granted. Barber's motion for release and motion for summary judgment (Dkts. 9, 10) are denied. Barber's Petition and Amended Petition (Dkts. 1, 7) are dismissed without prejudice. No certificate of appealability shall issue. The Clerk of the Court shall close the file.

SO ORDERED.

Dated:  September 24, 2020
        Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE